**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DWIGHT ROMARO BRANCH, #661356,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-0620-G |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of the Case: In 1993, Petitioner pled guilty to aggravated robbery in Criminal District Court No. 2, Dallas County, Texas, in cause number F92-34327-I. (Petition for Writ of Habeas Corpus (Pet.) at 2). Punishment was assessed at life imprisonment. (Id.). Petitioner did not appeal. He explains that he was unaware of his right to a direct appeal, and the time

limitations within which to do so, and that neither the trial court not defense counsel advised him of the same. (Pet's Memorandum in Support at 1).

On January 16, 2002, he alleges filing with the Texas Court of Criminal Appeals (TCCA) a state habeas application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure, seeking an out-of-time appeal. (Id.). On March 13, 2002, the TCCA denied this first state application without written order. Ex parte Branch, Nos. WR-51,411-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=207754 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals). On July 18, 2002, Petitioner filed a petition for writ of mandamus in the Fifth District Court of Appeals at Dallas, which in turn denied the same on September 23, 2002. See In re Branch, No. 05-02-01118-CV, http://www.courtstuff.com/FILES/05-02-05021118.HTM (Docket Sheet information generated on September 29, 2005). Petitioner also filed a petition for writ of mandamus with the TCCA on September 26, 2002. In re Branch, Nos. WR-51,411-03, www.cca.courts.state.tx.us /opinions/Case.asp?FilingID=212720 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals). On November 27, 2002, the TCCA denied the motion for leave to file petition for writ of mandamus without written order. Id. On the same date, the TCCA also denied a second state habeas application, received in its court on September 30, 2002, without written order. Ex parte Branch, Nos. WR-51,411-02, www.cca.courts. state.tx.us/opinions/Case.asp?FilingID=212672 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).[1]

---

[1] Petitioner does not provide the date of filing of the art. 11.07 applications in the convicting court. He only provides the date of receipts of the state habeas applications in the TCCA. Nevertheless, under the liberal interpretation of statutory tolling, as set out more fully

Thereafter, on March 24, 2004, Petitioner filed the instant federal petition for writ of habeas corpus. (Pet. at 1). In three grounds of error, he asserts a double jeopardy violation, denial of right to appeal, and denial of effective assistance of trial counsel. (Id. at 7).[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

It is undisputed that the federal petition is time barred under subsection d(1)(A).

_____

below, this federal petition is clearly time barred.

[2] For purposes of this recommendation, the petition is deemed filed on March 23, 2004, the date Petitioner signed it and presumably placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[3] On June 4, 2004, the court advised petitioner of the one-year statute of limitations and granted him thirty days to explain why his case is not time barred or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response on June 16, 2004.

Petitioner alleges that "[b]y the time he learned that he had a right to appeal on the State level[,] the time for filing a federal writ had already expired." (Pet's Response to court's order at 3). He thus proceeded to file his first state writ of habeas corpus, seeking an out-of-time appeal. (Id. at 3-4). Following the denial of that writ, Petitioner unsuccessfully sought mandamus relief. Therefore, the court must determine whether the petition is timely under subsection (d)(1)(D) – when a petitioner was or, with due diligence, should have been aware of the predicate facts of his habeas claims.[4]

Assuming *arguendo* that Petitioner did not learn of his right to appeal until shortly before the filing of his first art. 11.07 application, and that the limitation was tolled from the filing of the first art. 11.07 application until the denial of the second art. 11.07 application, the federal petition is still untimely. Under this scenario, the one-year limitation period commenced to run at the very latest on November 27, 2002, the date on which Petitioner's second art. 11.07 application was denied, see No. WR-51,411-02, and expired one year later on November 27, 2003. Petitioner, however, did not file the federal petition in this case until March 24, 2004, 117 days after the expiration of the limitation period. Therefore, this habeas corpus petition is clearly time barred absent equitable tolling.

Petitioner's pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with

---

[4] Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C).

the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). Following the denial of his state art. 11.07 applications, seeking an out-of-time appeal, Petitioner waited 482 days before submitting this federal petition for filing. This delay – clearly of Petitioner's own making – does not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the court concludes that Petitioner is not entitled to equitable tolling.[5]

---

[5] Petitioner's reliance on Salinas v. Dretke, 354 F.3d 425, 430-31 (5th Cir. 2004), does not aid his request for statutory or equitable tolling. In Salinas v. Dretke, the Fifth Circuit held that in Texas the procedures for seeking an out-of-time petition for discretionary review (PDR) is part of the state habeas review process, not the direct appeal review process. 354 F.3d 425, 430-431 (5th Cir. 2004). As a result, the granting of an out-of-time PDR "does not require a federal court to restart the running of AEDPA's limitations period altogether." Id. at 430. Rather, "when a petitioner convicted in the Texas system acquires the right to file an "out-of-time" PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief." Id.

Although the Salinas opinion did not address the running of the limitation period in the context of the granting of an out-of-time appeal, the same reasoning applies. In Texas the procedure for seeking an out-of-time appeal, just like the procedure for seeking an out-of-time PDR, is through the state habeas process. See Salinas, 354 F.3d at 431 and n. 7 (noting that the appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by art. 11.07 writ of habeas corpus). Therefore, even if Petitioner had been granted an "out-of-time" appeal by the state court, that ruling would not have restarted the one-year clock as stated in Salinas.

RECOMMENDATION:

For the foregoing reasons the Magistrate Judge recommends that the District Court dismiss with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 3rd day of October, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.